36 F.3d 1103
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth A. ALLBEE, Defendant-Appellant.
 No. 94-30106.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 22, 1994.
 
 Before: SNEED, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Allbee appeals his conviction following entry of a conditional guilty plea to driving under the influence of alcohol on an air force base, in violation of 18 U.S.C. Secs. 7 and 13 and Idaho Code Sec. 18-8004. Allbee contends that the district court erred by denying his motion to dismiss, or in the alternative to suppress evidence, on the ground that the stop of his vehicle violated his fourth amendment right against unreasonable search and seizure. We review the district court's determination as to the constitutionality of an investigatory stop de novo, United States v. Hall, 974 F.2d 1201, 1204 (9th Cir.1992), and we affirm.
 
 
 3
 The record indicates that as a police officer approached from the opposite direction, Allbee stopped his vehicle, backed up, and either made a three-point turn or a U-turn and proceeded in the opposite direction where he quickly pulled over to the curb, stopped and turned off his headlights. The police officer followed Allbee around the corner at which the turnaround had occurred and testified that when the officer turned the corner Allbee had "virtually disappeared." After the officer had driven past where Allbee was parked, he observed Allbee turn on his lights and pull onto and drive down the street. The officer then stopped Allbee.
 
 
 4
 An officer may make an investigatory vehicle stop if
 
 
 5
 he is aware of specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that the particular person detained is engaged in criminal activity.
 
 
 6
 United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989). Allbee argues that the evidence was inconclusive as to whether Allbee made a U-turn rather than a three-point turn and that, because only the former is illegal, the government failed to satisfy its burden of demonstrating facts sufficient to justify the stop.
 
 
 7
 This contention lacks merit. Allbee's assertion that he made a turn that did not raise a suspicion of illegal activity is undermined by Allbee's own witness' testimony that Allbee turned so close to oncoming traffic that it was necessary to pull off to the side of the road in order to avoid interfering with oncoming traffic:
 
 
 8
 They were getting closer and it would have taken us a little bit to get up to the speed that was required. And those cars would have been right--right on our tail and so we just pulled off to let them go by.
 
 
 9
 The district court correctly concluded that, in these circumstances, the turn was sufficiently suspicious to justify a stop. The fact that the police officer observed Allbee turn on his headlights and reenter traffic shortly after the officer passed Allbee's vehicle, which had been parked with its lights off, reinforces that there was sufficient justification for the stop under Hernandez-Alvarado.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Allbee's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3